## THE WILLAMETTE VALLEY.

### CHANDLER v. THE WILLAMETTE VALLEY.

(District Court, N. D. California. August 7, 1894.)

No. 10,862.

1. ADMIRALTY—SUIT IN REM AGAINST VESSEL IN CUSTODY OF RECEIVER—SALE PENDENTE LITE.

The sale, pendente lite, under admiralty rules 10 and 11, of a ship which is deteriorating in the hands of the marshal, will not be denied because the question at issue is the propriety of entertaining an action in rem against the vessel while in the hands of a receiver appointed by the court of another state, which question the receiver intends to have determined in the appellate court.

2. SAME—DETERIORATION.

Where the claimant refuses to make deposit or give stipulation for the vessel's release, and it appears that her machinery is rusting, her woodwork drying and cracking, and every part showing general deterioration and decay, a sale will be ordered, although it appears that a final determination on appeal may be had within six months.

This was a libel by R. D. Chandler against the steamship Willamette Valley, of which Charles Clark, receiver of the Oregon

Pacific Railway, was claimant. Libelant petitioned for a sale of the ship, pendente lite, on the ground of expense and deterioration in the hands of the marshal.

Andros & Frank, for libelant R. D. Chandler.
Page, Eells & Wheeler, for claimant.

MORROW, District Judge. The petition sets forth that the libelant filed his libel herein December 19, 1893; that the vessel was then taken into the custody of the United States marshal; that on December 30, 1893, the Oregon Pacific Railroad Company filed its claim to said vessel; that the petitioner is informed and believes that, u. a the entry of a decree in his favor in the above-entitled cause, the claimant intends to and will enter an appeal from said decree to the supreme court of the United States, and that, as the petitioner is informed and believes, such appeal cannot be heard and determined in said court until the lapse of a long time, to wit, two years or thereabouts; that, if said vessel be retained in the custody of the marshal for such length of time, the said parties will be put to great additional expense for such care and custody; and that said vessel will have become greatly injured, decayed, and depreciated in value. The petition is accompanied by affidavits showing that the machinery of the vessel is rusting, and the woodwork drying and cracking, and that she is showing general decay and deterioration in every part.

A decree in favor of the libelant was directed to be entered in this court, June 22, 1894. The question in controversy in the case was the propriety of this court entertaining an action in rem against the vessel while she was in the hands of a receiver appointed by the court of another state. It was my opinion that this court had such right, and counsel for the receiver proposes to have this question determined by the appellate court, claiming that the circuit court of appeals has jurisdiction to determine the question, and that it will be so determined in a few months. It appears that, pending the appeal, costs will accrue for the care and custody of the vessel, and, as stated in the affidavits, she will suffer decay and deterioration in value. Rules 10 and 11 of the general admiralty rules provide that in all cases where any ship has been arrested, and the claimant declines to make application to have the vessel delivered to him upon depositing the appraised value in court, or upon giving a stipulation for value, the court may, in its discretion, upon the application of either party, upon due cause shown, order a sale of the ship, and the proceeds thereof to be brought into court, or otherwise disposed of, as it may deem most for the benefit of all concerned. In rule 10, good cause for the sale of goods or other things would be a showing that the property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the suit. The receiver represents that he is not in a position to deposit the appraised value of the vessel in court, or give a stipulation for such value, and he objects to the sale of the vessel at this time, on the ground that the question at

issue in the case is one of jurisdiction as to the right of this court to entertain proceedings against the vessel; and this question, he contends, would be an infirmity that would enter into and affect the order of sale. I do not understand, however, that the question is really one of jurisdiction. It is a question of comity whether, under the circumstances of the case, this court ought to entertain an action in rem against the vessel while she is in the hands of a receiver appointed by the court of another state. Now, if a sale of the vessel is necessary to save her value, and prevent the accumulation of costs, pending the determination of this question, I do not see how an order of sale can be refused by this court because the appellate court may determine this question adversely. Indeed, I do not see how an order of sale, otherwise proper, could be refused on the ground that a question of jurisdiction is involved. If the court is without jurisdiction, its proceedings may be arrested by the appellate court; but this court cannot with any propriety or consistency discredit its own decrees, and refuse to direct proceedings for the benefit of parties whose interests are involved. The showing presented by the motion and affidavits in this case brings the proceedings within general admiralty rules 10 and 11, and is sufficient, in my judgment, to warrant the court in exercising its discretion in favor of a sale of the vessel.

It is also contended that the case may be taken to the circuit court of appeals, and a final judgment obtain in the course of six months; but it appears from the affidavits that a custody for any period will be injurious to the vessel. The showing in support of the petition appears to me to be sufficient, even though the appeal may be determined in a few months. An order of sale will therefore be entered.